Michael K. Friedland (SBN 157217)
michael.friedland@fciplaw.com
Nicole R. Townes (SBN 272342)
Nicole.townes@fciplaw.com
Matt Pham (SBN 341320)
matt.pham@fciplaw.com
FRIEDLAND CIANFRANI LLP
17901 Von Karman Ave., Ste. 925
Irvine, CA 92614
(949) 734-4900

Attorneys for Plaintiff
TomoCredit, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMOCREDIT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>TOMO MORTGAGE, LLC, a Delaware limited liability company,<br><br>Defendant. | Civil Action No. 3:25-cv-05472-CRB<br><br>PLAINTIFF TOMOCREDIT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANT'S FIRST, SECOND, THIRD, AND FOURTH COUNTERCLAIMS AND MOTION TO STRIKE PARAGRAPHS 14-19 OF DEFENDANT'S COUNTERCLAIMS<br><br>HEARING DATE: OCTOBER 3, 2025<br>HEARING TIME: 10:00 A.M.<br>COURTROOM: 6, 17TH FLOOR |
| TOMO MORTGAGE, LLC, a Delaware limited liability company,<br><br>Counterclaimant,<br><br>v.<br><br>TOMOCREDIT, INC., a Delaware limited liability company,<br><br>Counterdefendant | |

# **TABLE OF CONTENTS**

STATEMENT OF RELIEF SOUGHT ................................................................................1

I.   SUMMARY OF ARGUMENT ..................................................................................1

II.  FACTUAL BACKGROUND .....................................................................................3

III. LEGAL STANDARD..................................................................................................4

    A. Motions to Dismiss Under 12(b)(6)..................................................................4

    B. The Heightened Pleading Standard When Alleging Fraud On The PTO .....4

    C. Rule 12(f) Motions to Strike Immaterial, Impertinent, Or Scandalous Matter ................................................................................................................5

IV.  DEFENDANT'S COUNTERCLAIMS FAIL BECAUSE THE ALLEGED MISREPRESENTATIONS ARE IMMATERIAL AS A MATTER OF LAW ..6

    A. The Claimed Date of First Use is Not a Material Fact ..................................6

    B. Defendant Failed To Allege Sufficient Facts Showing Plaintiff Had an Intent To Deceive ...............................................................................................8

    C. Defendant Cannot Fix Its Fraud Claims by Amendment...............................9

V.   THIS COURT SHOULD STRIKE PARAGRAPHS 14-19 OF DEFENDANT'S COUNTERCLAIMS............................................................................9

VI.  CONCLUSION .........................................................................................................10

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) ...................................................................................................4

*Aureflam Corp. v. Pho Hoa Phat I, Inc.*
  375 F. Supp. 2d 950 (N.D. Cal. 2005) ........................................................................4

*Beijing Tong Ren Tang (USA), Corp. v. TRT USA Corp.*
  2010 WL 98957 (N.D. Cal. Jan. 5, 2010) .................................................................10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................................................4

*Fantasy, Inc. v. Fogerty*
  984 F.2d 1524 (9th Cir. 1993) ................................................................................5, 6

*Ghahremani v. Borders Grp., Inc.*
  No. 3:10-CV-01248, 2010 WL 4008506 (S.D. Cal. Oct. 6, 2010) .............................6

*Hokto Kinoko Co. v. Concord Farms, Inc.*
  738 F.3d 1085 (9th Cir. 2013) ...........................................................................2, 5, 8

*Huang v. TetraMem, Inc.*,
  No. 5:24-CV-07181, 2025 WL 1331697 (N.D. Cal. May 7, 2025) ...........................5

*In re Valence Tech. Sec. Litig.*,
  No. 5:95-CV-20459, 1995 WL 274343 (N.D. Cal. May 8, 1995) .........................5, 6

*Johnson v. Riverside Healthcare Sys., LP*,
  534 F.3d 1116 (9th Cir. 2008) ....................................................................................4

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ......................................................................................5

*Langford v. Rice*,
  No. 2:10-CV-03258, 2010 WL 11549752 (C.D. Cal. Oct. 28, 2010) ....................2, 8

*Pony Exp. Courier Corp. of Am. v. Pony Exp. Delivery Serv.*,
  872 F.2d 317 (9th Cir. 1989) .............................................................................2, 5, 8

*Premier Organics, Inc. v. Blue Mountain Organics*,
  No. 3:09-CV-02872, 2009 WL 10701235 (N.D. Cal. Nov. 13, 2009) ...................4, 6

## TABLE OF AUTHORITIES (Cont.)

*Quiksilver, Inc. v. Kymsta Corp.*,
  446 F.3d 749 (9th Cir. 2006) ..............................................................................5, 8

*Robi v. Five Platters*,
  918 F.2d 1439 (9th Cir. 1990) ...................................................................................6

*Yocum v. Covington*, 216 USPQ 210, 216, 1982 WL 52024
  (T.T.A.B. Nov. 29, 1982) ..........................................................................................4

### STATUTES

Fed. R. Civ. P. 9(b) ..........................................................................................................4

Fed. R. Civ. P. 12(b)(6) ....................................................................................................4

Fed. R. Civ. P. 12(f) .........................................................................................................5

Fed. R. Evid. 201 .............................................................................................................5

### TREATISES

4 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*
  § 31:74 (5th ed. 2025) ..........................................................................................2, 8

5 A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure*
  § 1382 (2d ed. 1990) .................................................................................................6

**PLEASE TAKE NOTICE** that on October 3, 2025 at 10:00 a.m., or as soon thereafter as counsel may be heard, Plaintiff TomoCredit, Inc. ("Plaintiff" or "Tomo") will hereby, (1) move to dismiss Defendant Tomo Mortgage, LLC's ("Defendant" or "Tomo Mortgage") first, second, third, and fourth counterclaims for fraud on the U.S. Patent and Trademark Office and declaratory judgment of invalidity of Plaintiff's U.S. Trademark Registration Nos. 7,160,088, 7,431,268, and 7,638,272 (collectively, "Plaintiff's Registrations"), and (2) move to strike Paragraphs 14-19 of Defendant's Counterclaims before the Honorable Charles R. Breyer in Courtroom 6, 17th Floor of the United States District Court located at 450 Golden Gate Avenue, San Francisco, California 94102.

The basis for Plaintiff's Motion is explained in detail in the following Memorandum. Plaintiff's Motion is supported by this Notice of Motion, the following Memorandum of Points and Authorities, the Request for Judicial Notice, and the pleadings and such other and further argument as may be presented at the hearing on this Motion.

## STATEMENT OF RELIEF SOUGHT

Plaintiff respectfully requests that this Court dismiss Defendant's First Counterclaim for Fraud on the Patent and Trademark Office ("PTO"), as well as Defendant's Second, Third, and Fourth Counterclaims for Declaratory Judgment of Trademark Invalidity, without leave to amend. Plaintiff also respectfully requests that this Court strike paragraphs 14 through 19 of Defendant's Counterclaims, which are solely comprised of immaterial, impertinent, and scandalous matter.

## I.   SUMMARY OF ARGUMENT

Every one of Defendant's Counterclaims are based on a single legal premise. Defendant alleges that Plaintiff misrepresented the dates of first use of its trademarks TOMO and TOMOCREDIT in its trademark applications. Defendant asserts that such misrepresentations constitute fraud on the PTO, which would render the

1 trademarks invalid. This assertion, however, is legally incorrect. Accordingly, this
2 Court should dismiss all of the counterclaims at the pleading stage.

3       A party claiming fraud on the PTO must not only allege that a trademark
4 owner made a misrepresentation to the PTO; the party must also allege that the
5 misrepresentation was material. *Hokto Kinoko Co. v. Concord Farms, Inc.*, 738 F.3d
6 1085, 1097 (9th Cir. 2013). Courts have consistently held that the representation of
7 the date of first use on a trademark application is **not** material—as long as the
8 applicant had used the trademark at some point before applying for it. *Pony Exp.*
9 *Courier Corp. of Am. v. Pony Exp. Delivery Serv.*, 872 F.2d 317, 319 (9th Cir. 1989)
10 (emphasis added); *Langford v. Rice*, No. 2:10-CV-03258, 2010 WL 11549752, at *3
11 (C.D. Cal. Oct. 28, 2010) (incorrect date of first use not a material misrepresentation
12 where it was undisputed that the actual first use preceded the application date;
13 "[A]llegations regarding the veracity of the first use date cannot amount to fraud.");
14 4 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 31:74
15 (5th ed. 2025) ("even if the claimed date of first use is inaccurate, there is no fraud
16 because it is not material to the USPTO's decision to approve the mark for
17 publication prior to registration.").

18       Here, Defendant has not alleged that Plaintiff filed its trademark applications
19 before Plaintiff first used them. Indeed, Defendant admits that Plaintiff's website
20 shows the trademarks in use on dates that were before Plaintiff filed the trademark
21 applications. Dkt. 9, Counterclaim at ¶¶ 33(a)-(b). For that reason alone,
22 Defendant's counterclaims fail as a matter of law, and Plaintiff respectfully requests
23 that they be dismissed under Fed. R. Civ. P. Rule 12(b)(6).

24       This Court should also strike six paragraphs (14 through 19) from Defendant's
25 counterclaim. These paragraphs recite a litany of shrill and gratuitous accusations
26 and baseless negative speculation concerning Plaintiff and its personnel that have no
27 relevance whatsoever to this lawsuit. As such, they have no place in federal
28

pleadings, and Plaintiff respectfully requests that they be stricken as immaterial, impertinent, and scandalous pursuant to Fed. R. Civ. P. Rule 12(f).

## II. FACTUAL BACKGROUND

This case is a trademark dispute between two parties that provide financial and credit services to consumers. The Plaintiff is TomoCredit. The Defendant is Tomo Mortgage. Three registered trademarks are at issue, two for TOMO® and one for TOMOCREDIT®. (TomoCredit refers to itself as Plaintiff and Tomo Mortgage as Defendant herein so as to avoid unnecessary confusion in this brief.)

Plaintiff TomoCredit was founded in 2019 by Kristy Kim. Dkt. 1, Complaint, ¶ 7. When Ms. Kim was a young immigrant student at the University of California at Berkeley, she was denied five times for an auto loan. *Id.* She found that basic living needs were made nearly impossible for someone new to the country without a credit score. *Id.* She decided to found Plaintiff to break the cycle of "credit poverty," in particular for immigrants, people of color, and women who might not have a credit history. *Id.*

In the Complaint, Plaintiff has alleged that it has used the TOMO and TOMOCREDIT marks since 2019. *Id.* ¶ 8. In Defendant's Counterclaims, Defendant admits that Plaintiff submitted with its trademark applications images captured from Plaintiff's website on July 21, 2021, and July 28, 2021. Dkt. 9, Counterclaim at ¶¶ 30, 31 (referring to Plaintiff's website, tomocredit.com). These website images show use of TOMO and TOMOCREDIT. Exs. 2-4 to Pham Decl.

The parties' pleadings also show that there is no disagreement that Plaintiff filed all of the trademark applications at issue in this case *after* the date of use of the relevant marks on Plaintiff's website. Specifically:

- Plaintiff filed U.S. Trademark Application No. 97/023,013 ("'013 Application") for the mark TOMO on September 11, 2021, more than a month after July 21, 2021. Dkt. 9, Counterclaim ¶ 30.

- Plaintiff also filed U.S. Trademark Application No. 97/023,014 ("'014 Application") for the mark TOMOCREDIT on September 11, 2021, more than a month after July 28, 2021.  Dkt. 9, Counterclaim ¶ 31.
- Plaintiff filed another U.S. Trademark Application No. 98/086,411 ("'411 Application") for the mark TOMO on July 14, 2023, almost two years after July 2021.  Dkt. 9, Counterclaim ¶ 32.

### III.   LEGAL STANDARD

**A.   Motions to Dismiss Under 12(b)(6)**

Claims should be dismissed if they do not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Courts properly dismiss claims where the allegations of the claims fail to allege facts sufficient to support a cognizable legal theory.  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008).

When evaluating a Rule 12(b)(6) motion, the Court should assume the veracity of well-pleaded factual allegations, and then "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 678.

**B.   The Heightened Pleading Standard When Alleging Fraud On The PTO**

Claimants must allege fraud based on a heightened pleading standard.  Fed. R. Civ. P. 9(b).  "This heightened pleading requirement applies to claims of fraud in the context of trademark cancellation proceedings." *Aureflam Corp. v. Pho Hoa Phat I, Inc.*, 375 F. Supp. 2d 950, 953 (N.D. Cal. 2005).  "Fraud in a trademark cancellation proceeding must be 'proved to the hilt' with little or no room for speculation or surmise and any doubts must be resolved against the charging party." *Premier Organics, Inc. v. Blue Mountain Organics*, No. 3:09-CV-02872, 2009 WL 10701235, at *3 (N.D. Cal. Nov. 13, 2009) (quoting *Yocum v. Covington*, 216 USPQ 210, 216, 1982 WL 52024 at *8 (T.T.A.B. Nov. 29, 1982)).

A trademark applicant fraudulently procures trademark registrations only if it "knowingly makes false, *material* representations of fact in connection with an application." *Quiksilver, Inc. v. Kymsta Corp.*, 466 F.3d 749, 755 (9th Cir. 2006) (emphasis added).

To allege claims based on fraud in procuring a trademark, a party must allege: "(1) a false representation regarding a *material* fact; (2) the registrant's knowledge or belief that the representation is false; (3) the registrant's intent to induce reliance upon the misrepresentation; (4) actual, reasonable reliance on the misrepresentation; and (5) damages proximately caused by that reliance." *Hokto*, 738 F.3d at 1097 (emphasis added). "The claim of a date of first use is not a material allegation as long as the first use in fact preceded the application date." *Pony Exp.*, 872 F.2d at 319 (affirming trademark fraud claim dismissal).

For 12(b)(6) motions, a court may take judicial notice of certain materials outside of the pleadings under Fed. R. Evid. 201. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Courts may consider matters of public record and other facts that are not subject to reasonable dispute. *Id.*

**C.     Rule 12(f) Motions to Strike Immaterial, Impertinent, Or Scandalous Matter**

Courts may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Immaterial matter "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). "Scandalous material has been defined as allegations that cast a cruelly derogatory light on a party or person." *Huang v. TetraMem, Inc.*, No. 5:24-CV-07181, 2025 WL 1331697, at *1 (N.D. Cal. May 7, 2025).

"The rationale behind granting motions to strike is to 'avoid ... prejudice to a party by preventing a jury from seeing the offensive matter or giving the allegation any unnecessary notoriety.'" *In re Valence Tech. Sec. Litig.*, No. 5:95-CV-20459,

1995 WL 274343, at *18 (N.D. Cal. May 8, 1995) (quoting 5A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 715 (2d ed. 1990)); *see also*, *Ghahremani v. Borders Grp., Inc.*, No. 3:10-CV-01248, 2010 WL 4008506, at *1, *3 (S.D. Cal. Oct. 6, 2010) ("Courts will grant motions to strike if the allegations have no possible relation to the controversy and their presence in the pleading will prejudice the moving party.") (citing *Fantasy, Inc.*, 984 F.2d at 1527).

## IV. DEFENDANT'S COUNTERCLAIMS FAIL BECAUSE THE ALLEGED MISREPRESENTATIONS ARE IMMATERIAL AS A MATTER OF LAW

Defendant bases all of its counterclaims on the allegation that Plaintiff committed fraud on the PTO by misrepresenting the claimed dates of first use. *See* Dkt. 9, Counterclaim ¶¶ 34-67. Because the date of first use, however, is not material, Defendant has not alleged any claims for fraud.

### A. The Claimed Date of First Use is Not a Material Fact

To plead a counterclaim for cancellation based on fraud on the PTO, Defendant must allege with particularity facts that, if proven, can plausibly establish that the PTO relied on an alleged misrepresentation and that the defendant suffered damages as a result of that reliance. *Premier Organics*, 2009 WL 10701235, at *3 (*citing Robi v. Five Platters*, 918 F.2d 1439, 1444 (9th Cir. 1990)).

Defendant's Counterclaims hinge solely on the allegation that Plaintiff claimed "deliberately false" first use dates. Dkt No. 9, Counterclaim ¶¶ 42-45, 52-54, 62-64. Specifically, Defendant alleges that Plaintiff "falsely represented that it has used each mark in commerce since at least as early as November 1, 2019." *Id.* ¶ 36. However, dates of first use are not material to the PTO registering a mark.

Plaintiff filed its '013 Application and '014 Application on September 11, 2021, almost two years after its alleged date of first use, and its '411 Application on July 14, 2023, almost four years after its alleged date of first use. Defendant has not

1  alleged that Plaintiff's marks were not in use as of the filing dates of September 11,
2  2021, and July 14, 2023 for Plaintiff's applications.
3       In fact, Defendant admits in its Counterclaims that Plaintiff submitted images
4  of its website tomocredit.com captured on July 21, 2021 and July 28, 2021. *Id.*
5  ¶¶ 30, 31. These dates came before Plaintiff filed its '013 Application and '014
6  Application, and the website images display the TOMO and TOMOCREDIT marks.
7  *See* Exs. 2-3 to Pham Decl. Defendant also admits that Plaintiff submitted images
8  of its website tomocredit.com captured on July 13, 2023, prior to filing the '411
9  Application. *Id.* ¶ 32. This website image also displays the TOMO and
10 TOMOCREDIT marks. *See* Ex. 4 to Pham Decl.
11      Further, Defendant admits that the Wayback Machine shows that Plaintiff's
12 website tomocredit.com featured content as early as June 26, 2020. *Id.* ¶ 33(b).
13 Indeed, the Wayback Machine printout referenced by Defendant in its Counterclaims
14 clearly shows that Plaintiff used "TOMO" at least as early as June 26, 2020, more
15 than one year before the earliest filing date of September 11, 2021:



19 Ex. 1 to Pham Decl. Thus, Defendant does not allege that Plaintiff had failed to use
20 the TOMO and TOMOCREDIT marks prior to the filing dates for any of the
21 applications resulting in Plaintiff's Registrations.
22      Defendant makes several allegations to support its theory that Plaintiff
23 misrepresented its claimed dates of first use, including allegations that Plaintiff: (1)
24 provided specimens that post-date the claimed first use dates; (2) gave two differing
25 dates of first use for "TOMO;" and (3) admitted the claimed first use of "TOMO"
26 was based on its use of "TOMOCREDIT." Dkt. 9, Counterclaim ¶ 33; *see also*
27 ¶¶ 31-32. Even if these allegations were true, Defendant's claims still fail as a matter
28 of law.

As courts have consistently held, a claimed date of first use is not material as long as the first use preceded the application date. *Pony Exp.*, 872 F.2d at 319; *Langford*, 2010 WL 11549752, at *3 (finding that first use is not a material representation when it is undisputed that the first use preceded the application date and that plaintiff's claim for fraud on the PTO failed on summary judgment). "[A]llegations regarding the veracity of the first use date cannot amount to fraud." *Langford,* 2010 WL 11549752, at *3 (*citing Quiksilver*, 466 F.3d at 755); 4 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 31:74 (5th ed. 2025) ("even if the claimed date of first use is inaccurate, there is no fraud because it is not material to the USPTO's decision to approve the mark for publication prior to registration.").

Here, Defendant has not alleged that Plaintiff began using its marks after filing any of the trademark applications. Indeed, Defendant's own pleading admits that Plaintiff began using both marks before filing any of the trademarks. Thus, Defendant's Counterclaims should be dismissed because they fail as a matter of law.

**B.** **Defendant Failed To Allege Sufficient Facts Showing Plaintiff Had an Intent To Deceive**

To plead claims based on fraud in procuring trademark registrations, a party must also allege facts to support that the applicant intended to deceive the PTO. *Hokto*, 738 F.3d at 1097. Defendant pleads no facts to support that Plaintiff intended to deceive the PTO. Defendant does not connect the alleged misrepresentations as to Plaintiff's claimed dates of first use with its conclusory assertion that these dates were "deliberately false." *See* Dkt. 9, Counterclaim ¶ 33.

Accordingly, Defendant has not sufficiently alleged that Plaintiff intended to deceive the PTO. Nor could it. As discussed above, Plaintiff's alleged misrepresentations would have been immaterial. Thus, Plaintiff would have had no incentive to make such misrepresentations. Defendant's Counterclaims should also

8
PLAINTIFF'S MOTION TO DISMISS AND STRIKE

be dismissed for the additional reason that Defendant failed to plead any facts showing that Plaintiff intended to deceive the PTO.

### C. **Defendant Cannot Fix Its Fraud Claims by Amendment**

Defendant should not be granted leave to amend because it cannot allege any facts supporting its fraud counterclaims. As discussed above, Defendant's Counterclaims are based on the theory that Plaintiff claimed deliberately false dates of first use for its trademark registrations. It is impossible for Defendant to prevail on this theory because Plaintiff indisputably used its marks prior to any filing date of Plaintiff's trademark applications, and thus, these claimed dates of first use are immaterial. Any amendment to Defendant's Counterclaims would be futile, and Plaintiff thus requests this Court dismiss Defendant's claims without leave to amend.

## V. THIS COURT SHOULD STRIKE PARAGRAPHS 14-19 OF DEFENDANT'S COUNTERCLAIMS

Plaintiff also respectfully requests that this Court strike Paragraphs 14 through 19 of Defendant's Counterclaims because they are immaterial, impertinent, and scandalous. Fed. R. Civ. P. 12(f). These paragraphs cast aspersions on Plaintiff's integrity and reputation that are wholly irrelevant to Plaintiff's claims or Defendant's defenses or counterclaims. The claims and defenses in this action all concern whether Defendant is causing confusion with Plaintiff's trademarks and Plaintiff's alleged conduct before the PTO. Defendant's allegations in Paragraphs 14 through 19, however, consist of:

- The assertion that Plaintiff's TomoCredit Mastercard offering was a failure (Dkt. 9, Counterclaim ¶ 14).
- Two pages recounting Plaintiff's alleged "legal troubles," including unrelated lawsuits (*id.* ¶ 15(a)-(i));
- References to alleged negative publicity concerning Plaintiff (*id.* ¶ 16);
- Negative descriptions of Plaintiff's relationship with third parties, including credit agencies and customers (*id.* ¶¶16-18);

- The assertion that Plaintiff's business "is floundering and on the brink of collapse" (*id.* ¶ 19);
- The allegation that "this lawsuit is a desperate cash grab engineered by Counterdefendant in the hopes of saving its sinking ship" (*id.*).

These allegations have no relevance to whether Defendant has caused confusion with Plaintiff's trademarks or Plaintiff's alleged conduct before the PTO. *See Beijing Tong Ren Tang (USA), Corp. v. TRT USA Corp.*, 2010 WL 98957, at *4 (N.D. Cal. Jan. 5, 2010) (striking paragraphs 22 through 30 which alleged trademark owner engaged in a scheme to violate FDA rules and circumvent enforcement).

The only purpose of these paragraphs is to embarrass and prejudice Plaintiff. These allegations will cause harm to Plaintiff's reputation, and may cause this case unnecessary notoriety unless these wholly unsupported paragraphs are stricken. Because paragraphs 14-19 of Defendant's Counterclaims are irrelevant to the trademark issues in this lawsuit, this Court should strike them pursuant to Rule 12(f).

## VI.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court dismiss Defendant's first counterclaim for fraud on the Patent and Trademark Office and second, third, and fourth counterclaims for declaratory judgment of trademark invalidity, without leave to amend. Plaintiff also respectfully requests that this Court strike paragraphs 14 through 19 of Defendant's Counterclaims for comprising immaterial, impertinent, and scandalous matter.

DATED: August 19, 2025                     FRIEDLAND CIANFRANI LLP

By: */s/ Matt Pham*
Michael K. Friedland
Nicole R. Townes
Matt Pham

Attorneys for Plaintiff
TomoCredit, Inc.