Michael K. Friedland (SBN 157217)
michael.friedland@fciplaw.com
Nicole R. Townes (SBN 272342)
Nicole.townes@fciplaw.com
Matt Pham (SBN 341320)
matt.pham@fciplaw.com
FRIEDLAND CIANFRANI LLP
17901 Von Karman Ave., Ste. 925
Irvine, CA 92614
(949) 734-4900

Attorneys for Plaintiff
TomoCredit, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMOCREDIT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>TOMO MORTGAGE, LLC, a Delaware limited liability company,<br><br>Defendant. | Civil Action No. 3:25-cv-05472-CRB<br><br>ANSWER TO AMENDED COUNTERCLAIM |
| TOMO MORTGAGE, LLC, a Delaware limited liability company,<br><br>Counterclaimant,<br><br>v.<br><br>TOMOCREDIT, INC., a Delaware limited liability company,<br><br>Counterdefendant. | |

Plaintiff TomoCredit, Inc. hereby submits its Answer to Defendant Tomo Mortgage, LLC's Amended Counterclaim as set forth below.

Each below paragraph of this Answer corresponds to the numbered paragraphs of Defendant's Amended Counterclaim. All allegations not expressly admitted herein are denied by Plaintiff.

## THE PARTIES

1. Admitted.

2. Admitted.

## JURISDICTION AND VENUE

3. Plaintiff admits that the Amended Counterclaim purports to arise under the trademark laws of the United States and under the Declaratory Judgment Act.

4. Plaintiff admits that this Court has jurisdiction over its claims against Tomo Mortgage. Plaintiff admits that this Court has subject matter jurisdiction over the Amended Counterclaim.

5. Admitted.

6. Admitted.

## FACTUAL BACKGROUND

7. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, therefore, on that basis, Plaintiff denies the allegations contained therein.

8. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, therefore, on that basis, Plaintiff denies the allegations contained therein.

9. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, therefore, on that basis, Plaintiff denies the allegations contained therein.

10. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, therefore, on that basis, Plaintiff denies the allegations contained therein.

11. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, therefore, on that basis, Plaintiff denies the allegations contained therein.

12. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, therefore, on that basis, Plaintiff denies the allegations contained therein.

13. Plaintiff admits that TomoCredit, Inc. was founded in 2019 by Kristy Kim while she was a student at UC Berkeley. Plaintiff also admits that it launched the TomoCredit Mastercard in March 2021. Except as expressly admitted herein, Plaintiff denies each and every allegation of this Paragraph.

14. Denied.

15. The allegations in this Paragraph violate the requirements of Fed. R. Civ. P. Rule 8, which requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." "[A] complaint is not a public forum for vituperation and invective – not a protected platform to rage against an adversary." *Trump v. New York Times Co.*, No. 8:25-CV-2487-SDM-NHA, 2025 WL 2680597, at *2 (M.D. Fla. Sept. 19, 2025). The allegations in this Paragraph consist entirely of scandalous and impertinent matter that is indisputably irrelevant to any claim in this action. Plaintiff is not required to admit or deny these improper allegations, and, to the extent an answer is required, Plaintiff denies each and every allegation of this Paragraph.

16. The allegations in this Paragraph violate the requirements of Fed. R. Civ. P. Rule 8, which requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." "[A] complaint is not a public forum for vituperation and invective – not a protected platform to rage against

an adversary." *Trump v. New York Times Co.*, No. 8:25-CV-2487-SDM-NHA, 2025 WL 2680597, at *2 (M.D. Fla. Sept. 19, 2025). The allegations in this Paragraph consist entirely of scandalous and impertinent matter that is indisputably irrelevant to any claim in this action. Plaintiff is not required to admit or deny these improper allegations, and, to the extent an answer is required, Plaintiff denies each and every allegation of this Paragraph.

17. Denied.

18. Denied.

19. The allegations in this Paragraph violate the requirements of Fed. R. Civ. P. Rule 8, which requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." "[A] complaint is not a public forum for vituperation and invective – not a protected platform to rage against an adversary." *Trump v. New York Times Co.*, No. 8:25-CV-2487-SDM-NHA, 2025 WL 2680597, at *2 (M.D. Fla. Sept. 19, 2025). The allegations in this Paragraph consist entirely of scandalous and impertinent matter that is indisputably irrelevant to any claim in this action. Plaintiff is not required to admit or deny these improper allegations, and, to the extent an answer is required, Plaintiff denies each and every allegation of this Paragraph.

20. Plaintiff admits that Defendant obtained U.S. Trademark Registration No. 6,647,787 for "Tomo" for Classes 35 and 36. Except as expressly admitted herein, Plaintiff denies each and every allegation of this Paragraph.

21. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph concerning what Tomo Networks learned from an investigation about Plaintiff's trademark applications, and, therefore, on that basis, Plaintiff denies those allegations. Plaintiff denies each and every allegation of this Paragraph.

22. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph concerning the knowledge of Tomo

Mortgage or Tomo Networks and, on that basis, Plaintiff denies those allegations contained therein. Plaintiff denies each and every allegation of this Paragraph.

23. Denied.

24. Plaintiff admits that it filed a petition to cancel Registration No. 6,647,787 and that it cited its own trademark applications. Except as expressly admitted herein, Plaintiff denies each and every allegation of this Paragraph.

25. Denied.

26. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, Plaintiff denies those allegations contained therein.

27. Plaintiff admits that the TTAB issued a notice of default and cancelled Defendant's Trademark Registration No. 6,647,787. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph relating to Defendant's decision making and, therefore, on that basis, Plaintiff denies those allegations. Except as expressly admitted herein, Plaintiff denies each and every allegation of this Paragraph.

28. Plaintiff admits that Tomo Mortgage conducts its business through the domain name tomo.com, which is owned by Tomo Networks. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, on that basis, Plaintiff denies those allegations contained therein. Except as expressly admitted herein, Plaintiff denies each and every allegation of this Paragraph.

29. Plaintiff admits that it filed a complaint with the WIPO Arbitration and Mediation Center regarding the tomo.com domain name and that Plaintiff did not prevail in that proceeding. Plaintiff further admits that the decision by WIPO contains language expressly set forth in that decision. Except as expressly admitted herein, Plaintiff denies each and every allegation of this Paragraph.

30. Plaintiff admits that it filed United States Trademark Application No. 97023013 for "Tomo" in International Classes 9 and 36. Plaintiff also admits that the examiner denied the application as to Class 36 based on a likelihood of confusion with Defendant's Trademark Registration No. 6,647,787. Plaintiff also admits that the USPTO later issued to Plaintiff Trademark Registration No. 7,160,088 for "Tomo" for International Class 9. Except as expressly admitted herein, Plaintiff denies each and every allegation of this Paragraph.

31. Plaintiff admits that it filed United States Trademark Application No. 97023014 for "TOMOCREDIT" in connection with Class 36. Plaintiff also admits that the examiner initially denied the application based on a finding of likelihood of confusion with Defendant's Trademark Registration No. 6,647,787. Except as expressly admitted herein, Plaintiff denies each and every allegation of this Paragraph.

32. Plaintiff admits that it requested an extension for Application No. 97023014 to respond to a final office action. Plaintiff also admits that it filed a Petition to Cancel Defendant's Trademark Registration No. 6,647,787. Plaintiff also admits that it requested the USPTO to suspend Application No. 97023014 pending resolution of the cancellation proceeding, and the USPTO granted the suspension request. Plaintiff also admits that, on October 24, 2023, it represented to the USPTO that Defendant's Trademark Registration No. 6,647,787 had been cancelled, thus obviating the likelihood of confusion refusal. Except as expressly admitted herein, Plaintiff denies each and every allegation of this Paragraph.

33. Admitted.

34. Plaintiff admits that it filed a petition to cancel Tomo Networks' Registration No. 6,647,787. Plaintiff also admits that it filed United States Trademark Application No. 98086411. Except as expressly admitted herein, Plaintiff denies each and every allegation of this Paragraph

35. Plaintiff admits that it claimed a first use date of November 1, 2019, in Classes 9 and 36. Plaintiff also admits that it submitted an image of its website, <tomocredit.com>, captured on July 13, 2023 as a specimen of use. Plaintiff also admits that the USPTO refused this website specimen. Plaintiff also admits that it submitted a picture of a credit card as a substitute specimen in response. Except as expressly admitted herein, Plaintiff denies each and every allegation of this Paragraph.

36. Admitted.

37. Denied.

38. Denied.

39. Plaintiff admits that the USPTO issued a non-final office action on March 21, 2024 for U.S. Trademark Application No. 98086411 refusing Plaintiff's specimen. Except as expressly admitted herein, Plaintiff denies each and every allegation of this Paragraph.

40. Plaintiff admits that Exhibit A contains statements expressly set forth in Exhibit A. Plaintiff admits that it does not presently have a credit card issuing agreement with Community Federal Savings Bank ("CFSB"). Except as expressly admitted herein, Plaintiff denies each and every allegation of this Paragraph.

41. Plaintiff admits Exhibit B contains statements expressly set forth in Exhibit B. Except as expressly admitted herein, Plaintiff denies each and every allegation of this Paragraph.

## FIRST COUNTERCLAIM

42. Plaintiff incorporates by reference the responses in the foregoing Paragraphs as if fully set forth therein.

43. Admitted.

44. Denied.

45. Denied.

46. Denied.

6

ANSWER TO AMENDED COUNTERCLAIM

47. Denied.
48. Denied.
49. Denied.
50. Denied.

## SECOND COUNTERCLAIM

51. Plaintiff incorporates by reference the responses in the foregoing Paragraphs as if fully set forth therein.
52. Denied.
53. Denied.
54. Denied.
55. Denied.
56. Denied.
57. Denied.
58. Denied.
59. Denied.
60. Denied.
61. Denied.
62. Denied.
63. Denied.
64. Denied.

## AFFIRMATIVE DEFENSES

Plaintiff sets forth its affirmative and other defenses. Plaintiff does not assume the burden of establishing any fact or proposition where that burden is properly imposed on Defendant. Plaintiff reserves the right to assert additional affirmative and other defenses at the appropriate time.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim Upon Which Relief Can Be Granted)

Defendant has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

## (No Intent to Deceive)

Defendant's claim is barred because Plaintiff had no intent to deceive the USPTO and Plaintiff at all times prosecuted its trademark application in good faith before the USPTO.

## THIRD AFFIRMATIVE DEFENSE

## (No Materiality)

Defendant has not shown that Plaintiff made any alleged misrepresentation that was material to the USPTO.

## FOURTH AFFIRMATIVE DEFENSE

## (Lack of Standing)

Defendant lacks standing because Defendant has not suffered a concrete and particularized injury in fact, and does not own or control any valid right, title, or interest in the subject matter of the claims.

## FIFTH AFFIRMATIVE DEFENSE

## (Unclean Hands)

Defendant is barred from bringing its claims by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

## (Laches)

Defendant is barred from bringing its claims by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

## (Estoppel)

Defendant is barred from bringing its claims by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

## (Waiver)

Defendant has waived any right to pursue its claims.

## NINTH AFFIRMATIVE DEFENSE

### (Acquiescence)

Defendant is barred from bringing its claims by acquiescence.

## TOMOCREDIT INC.'S PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant and grant Plaintiff the following relief:

1. Dismiss the Counterclaim in its entirety with prejudice;
2. Deny all relief requested by Defendant;
3. Declare that U.S. Trademark Registration No. 7,638,272 is valid and was not fraudulently procured;
4. Award Plaintiff damages in an amount to be proven at trial;
5. Award Plaintiff its costs, expenses and recoverable attorneys' fees in an amount to be proven to the Court;
6. Award Defendant nothing from this action;
7. Award Plaintiff the relief requested in Plaintiff's Complaint (Dkt. 1); and
8. Grant Plaintiff such other and further relief as the Court deems appropriate and just.

DATED: September 23, 2025

FRIEDLAND CIANFRANI LLP

By: */s/ Matt Pham* _____
Matt Pham
Michael K. Friedland
Nicole R. Townes
Attorneys for Plaintiff
TomoCredit, Inc.

**PROOF OF SERVICE**

I, Matt Pham, the undersigned, hereby declare as follows:

1. I am over the age of 18 years and am not a party to the Action. I am an associate at Friedland Cianfrani LLP in Irvine, California.

2. My email is matt.pham@fciplaw.com. My firm's office address is 17901 Von Karman Avenue, Suite 925, Irvine CA 92614.

3. On September 23, 2025 I served a true copy of Plaintiff TomoCredit, Inc.'s Answer to Tomo Mortgage, LLC's Amended Counterclaim, by sending it to the following persons at the electronic mail addresses:

CALLIE A. BJURSTROM (SBN 137816)
callie.bjurstrom@pillsburylaw.com
MICHELLE A. HERRERA (SBN 209842)
michelle.herrera@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
11682 El Camino Real, Suite 200
San Diego, CA 92130
Telephone: 858.509.4000
Facsimile: 619.819.4363

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 23, 2025 in Irvine, California.

Matt Pham