Michael K. Friedland (SBN 157217)
michael.friedland@fciplaw.com
Nicole R. Townes (SBN 272342)
nicole.townes@fciplaw.com
Matt Pham (SBN 341320)
matt.pham@fciplaw.com
FRIEDLAND CIANFRANI LLP
17901 Von Karman Ave., Ste. 925
Irvine, CA 92614
(949) 734-4900

Attorneys for Plaintiff and Counterdefendant,
TomoCredit, Inc.

Callie A. Bjurstrom (SBN 137816)
callie.bjurstrom@pillsburylaw.com
Michelle A. Herrera (SBN 209842)
Michelle.herrera@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
11682 El Camino Real, Suite 200
San Diego, CA 92130
Telephone: (858) 509-4000
Facsimile: (619) 819-4363

Attorneys for Defendant and Counterclaimant,
Tomo Mortgage LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMOCREDIT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>TOMO MORTGAGE, LLC, a Delaware limited liability company,<br><br>Defendant.<br>_____<br>TOMO MORTGAGE, LLC, a Delaware limited liability company,<br><br>Counterclaimant,<br><br>v.<br><br>TOMOCREDIT, INC., a Delaware corporation,<br><br>Counterdefendant | Civil Action No. 3:25-cv-05472-CRB<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>DATE: December 19, 2025<br>TIME: 8:30 a.m.<br>COURTROOM: 6, 17th Floor<br><br>VIDEOCONFERENCE ONLY |

Pursuant to the Order Setting Initial Case Management Conference and ADR Deadlines (Dkt. 4) and the Order modifying the date of the Case Management Conference (Dkt. 17), the Standing Order for All Judges of the Northern District of California, dated November 30, 2023, and Civil Local Rule 16-9, the parties submit the following Joint Case Management Statement.

**1.      Jurisdiction and Service**

Plaintiff brings its action for: (1) trademark infringement arising under 15 U.S.C. § 1114; (2) false designation of origin arising under 15 U.S.C. § 1125(a); (3) unfair competition arising under California Business & Professions Code § 17200 *et seq.*; and (4) unfair competition arising under the common law of the State of California.

Defendant has filed counterclaims for (1) fraud on the Patent and Trademark Office ("PTO") pursuant to 15 U.S.C. § 1120; and (2) trademark cancellation pursuant to 15 U.S.C. § 1064.

All parties have been served, and neither party is contesting personal jurisdiction or venue. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331, 1338(a) and (b), and 1367(a).

**2.      Facts**

   **a.      Chronology**

   **Plaintiff's Allegations**

Plaintiff alleges that TomoCredit was founded in 2019 by Kristy Kim. Plaintiff further alleges that since its founding, TomoCredit has continually used the term "Tomo" in connection with a variety of goods and services and has obtained multiple federal trademark registrations ("Asserted Marks") including the following:

| Registration No. | Application No. | Filing Date: | Registration Date: |
|---|---|---|---|
| 7,160,088 for "TOMO" | 97/023,013 | 2021-09-11 | 2023-09-12 |
| 7,431,268 for "TOMOCREDIT" | 97/023,014 | 2021-09-11 | 2024-07-02 |

| Registration No. | Application No. | Filing Date: | Registration Date: |
|---|---|---|---|
| 7,638,272 for "TOMO" | 98/086,411 | 2023-07-14 | 2025-01-07 |

After Plaintiff began using its TOMO® mark, Defendant began using the identical mark TOMO and confusingly similar marks including for lending and financial advisory services. In February 2022, Defendant obtained U.S. Trademark Registration No. 6,647,787 for TOMO in connection with various services. In 2023, the U.S. Trademark Trial and Appeal Board canceled that registration as a result of a cancellation action initiated by Plaintiff. In September 2022, Plaintiff notified Defendant that its use of TOMO for lending services was confusingly similar to Plaintiff's use of its TOMO® mark for credit services. Defendant disagreed.

**Defendant's Allegations**

Defendant contends that it was not aware of Plaintiff's alleged use of the TOMO mark until it received a demand letter from Plaintiff in September 2022, claiming that Defendant's use of its registered TOMO® mark (U.S. Trademark Registration No. 6,647,787) in connection with mortgage and real estate brokerage services infringes Plaintiff's TOMO brand used in connection with credit cards and credit-related services. Defendant further contends that its use of the TOMO mark is not likely to lead to confusion regarding the source, sponsorship, or affiliation of its goods and services, on the one hand, and Plaintiff's goods and services, on the other hand. Among other things, Defendant contends that Defendant and Plaintiff operate in different markets, offer different goods and services and serve different classes of customers, and there is a lack of instances of confusion as well. Defendant further contends Plaintiff's Trademark Registration No. 7,638,272 is invalid at least because (1) Plaintiff is not using the mark in connection with the goods and services identified in its registration, (2) Plaintiff submitted false evidence of such use to the USPTO in connection with its application for the mark, and (3) Plaintiff failed to

disclose Defendant's rights in and use of the TOMO mark in connection with its application for the mark.

### b. Factual Issues in Dispute

The principal factual issues in dispute include whether:

- Defendant's use of the term "Tomo" infringes any of Plaintiff's trademarks;
- Defendant's use of the term "Tomo" creates a likelihood of confusion in the marketplace;
- Defendant willfully infringed Plaintiff's trademarks;
- Defendant has unfairly competed with Plaintiff;
- Plaintiff has suffered any damages as a result of Defendant's alleged infringement and, if so, the amount of any such damages;
- Plaintiff is entitled to restitution and the amount of any such restitution;
- Plaintiff is entitled to disgorgement of Defendant's profits and the amount of any such profits;
- Plaintiff is entitled to exemplary damages for unfair competition and the amount of any such exemplary damages;
- Plaintiff committed fraud on the Trademark Office in procuring Trademark Registration No. 7,638,272;
- Trademark Registration No. 7,638,272 is invalid; and
- Trademark Registration No. 7,638,272 should be cancelled.

This description should not be construed as an admission or adoption by any party of any factual contention alleged by the other party. The parties reserve the right to revise or include any other appropriate issues as they develop or become known to the parties through the course of discovery and investigation.

3. **Legal Issues**

Plaintiff asserts that Defendant infringes Plaintiff's rights in the Asserted Marks. Plaintiff also alleges unfair competition by Defendant.

Defendant asserts certain legal and equitable defenses that Plaintiff disputes, specifically that:

- Plaintiff's claims are barred by unclean hands;
- Plaintiff's conduct constitutes trademark misuse;
- Plaintiff's claims are barred by laches; and
- Plaintiff's claims are barred by waiver, consent, and/or estoppel

Defendant also asserts that Trademark Registration No. 7,638,272 was procured through fraud before the PTO and should be cancelled.

Plaintiff asserts certain legal and equitable defenses to Defendant's counterclaims that Defendant disputes, specifically that:

- Defendant's claims are barred by unclean hands;
- Defendant's claims are barred by laches;
- Defendant's claims are barred by estoppel;
- Defendant's claims are barred by waiver; and
- Defendant's claims are barred by acquiescence.

4. **Motions**

<u>Plaintiff's Motions:</u> On August 19, 2025, Plaintiff moved to dismiss Defendant's counterclaims and to strike paragraphs 14 through 19 of Defendant's counterclaims. Dkt. 12. On September 9, 2025, Defendant amended its counterclaims to revise its allegations with respect to its claims related to alleged fraud on the Trademark Office. Dkt. 13. On September 19, the Court held Plaintiff's motion to dismiss was moot in light of Defendant's Amended Counterclaim and reset the following dates:

- Joint Case Management Statement due December 12, 2025; and
- Initial Case Management Conference set for December 19, 2025.

Dkt. 17.

Plaintiff also anticipates filing a motion for summary judgment of trademark infringement as well as a motion for summary judgment on Defendant's counterclaims.

Defendant's Motions: Defendant anticipates filing a motion for summary judgment on Plaintiff's claims, as well as a motion for summary judgment on Defendant's counterclaims.

## 5. Amendment of Pleadings

Defendant amended its counterclaims on September 9, 2025. Dkt. 13. Plaintiff may amend its complaint and reserves the right to do so. Defendant may seek to further amend its counterclaims based on evidence obtained through discovery, and reserves the right to do so.

## 6. Evidence Preservation

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties have met and conferred regarding evidence preservation pursuant to Fed. R. Civ. P. 26(f) and agree to take appropriate steps to preserve evidence relating to the issues reasonably apparent in this action, including preserving any relevant documents and electronically-held data (e-mails and other electronically recorded material) that may reasonably lead to the discovery of admissible evidence in this case.

## 7. Disclosures

The Parties have conferred regarding the initial disclosure requirements of Federal Rule of Civil Procedure 26 and timely served their initial disclosures on September 26, 2025.

## 8. Discovery

The parties have begun discovery and plan to conduct discovery within the limits of the Federal Rules of Civil Procedure. The parties agree that privileged

communications created after the date that the Complaint was filed do not need to be logged on a privilege log.

The parties have also discussed the need for an Electronic Discovery Order and plan to file a stipulated Electronic Discovery Order for this case.

The parties have agreed to a proposed Protective Order to govern the exchange of confidential information, which was entered by the Court on October 2, 2025. Dkt. 20.

**9.   Class Actions**

This case is not a class action.

**10.  Related Cases**

There are no related cases pending before other courts or other judges of this Court, or before another court or administrative body.

**11.  Relief**

Plaintiff seeks a judgment of trademark infringement, false designation of origin, unfair competition, an injunction against Defendant, transfer of ownership of any infringing domain name, restitution, and damages for the infringement. Plaintiff contends that damages for such alleged infringement include: an accounting of Defendant's profits and disgorgement of such profits, actual damages suffered by Plaintiff; a reasonable royalty for use of Plaintiff's marks; enhanced damages and attorneys' fees for willful trademark infringement; exemplary damages for unfair competition; and costs.

Defendant contends that Plaintiff is not entitled to judgment on any of its claims. Defendant further contends that it is entitled to judgment on its claims that Plaintiff's U.S. Trademark Registration No. 7,638,272 is invalid and should be cancelled, and damages sustained as a result of Plaintiff's fraud on the Trademark Office. Defendant further contends that this case is exceptional within the meaning of 15 U.S.C. § 1117, and Defendant is consequently entitled to an award of its attorneys' fees incurred in connection with this action.

With respect to Defendant's counterclaims, Plaintiff asserts that Defendant is not entitled to a judgment on any of its counterclaims, cancellation of Plaintiff's U.S. Trademark Registration No. 7,638,272, or a recovery of any damages. Plaintiff asserts it is entitled to its costs and attorneys' fees in defending against Defendant's counterclaims.

## 12. Settlement and ADR

The parties have complied with ADR Local Rule 3-5 and intend to stipulate to an ADR process for the month of January involving a magistrate judge presiding in the Northern District of California.

## 13. Consent to Magistrate Judge For All Purposes

The parties do not consent to a magistrate judge for all purposes. Plaintiff and Defendant have consented to a magistrate judge for settlement conference purposes only.

## 14. Other References

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 15. Narrowing of Issues

The parties have narrowed some issues for trial through Plaintiff's Motion to Dismiss and Defendant's Amended Counterclaims and believe that issues for trial may be further narrowed through motions for summary judgment. The parties do not request bifurcation of any issues, claims, or defenses.

## 16. Expedited Trial Procedure

The parties agree that this case is not suitable to be handled under the Expedited Trial Procedure of General Order No. 64.

## 17. Scheduling

The parties propose the schedule set forth in Exhibit A.

**18.   Trial**

The parties timely requested a jury trial with respect to all claims properly triable before a jury. The parties expect that the trial will take seven (7) days.

**19.   Disclosure of Non-party Interested Entities or Persons**

The parties have filed Disclosures of Non-party Interested Entities or Persons.

Plaintiff states, pursuant to Civil L.R. 3-15, that as of this date, other than the named parties, there is no such interest to report.

**20.   Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED: December 12, 2025            FRIEDLAND CIANFRANI LLP

By: /s/ Matt Pham
Michael K. Friedland
Nicole R. Townes
Matt Pham

Attorneys for Plaintiff and Counterdefendant,
TomoCredit, Inc.


PILLSBURY WINTHROP SHAW PITTMAN LLP

By: /s/ Michelle Herrera
Callie A. Bjurstrom
Michelle Herrera

Attorneys for Defendant and Counterclaimant,
Tomo Mortgage, LLC.

**EXHIBIT A**

| EVENT | WEEKS BEFORE TRIAL | PLAINTIFF'S REQUEST | DEFENDANT'S REQUEST |
|---|---|---|---|
| Last Day to Hear / File Motion to Amend Pleadings / Add Parties | 63 for Plaintiff's proposal<br><br>65 for Defendant's proposal | February 20, 2026 (last date to hear motion) | March 20, 2026 (last date to file motion) |
| Non-Expert Discovery Cut-Off | 39 for Plaintiff's proposal<br><br>36 for Defendant's proposal | August 7, 2026 | October 9, 2026 |
| Initial Expert Reports by the Party bearing the Burden of Proof | 36 for Plaintiff's proposal<br><br>33 for Defendant's proposal | August 28, 2026 | October 30, 2026 |
| Rebuttal Expert Reports | 30 | October 9, 2026 | November 21, 2026 |
| Expert Discovery Cut-Off | 26 | November 6, 2026 | December 18, 2026 |
| Last Date to Hear / File Dispositive Motions | 21 | December 11, 2026 (last date to hear motion) | January 22, 2027 (last date to file motion) |
| Last Date to Conduct Settlement Conference | 17 | January 8, 2027 | February 19, 2027 |
| Pretrial Hearing | 4 | April 9, 2027 | May 21, 2027 |
| Trial | | May 7, 2027 | June 21, 2027 |

1

EXHIBIT A - JOINT CASE MANAGEMENT STATEMENT

4919-5644-5568.v2