UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMOCREDIT, INC., | Case No.  25-cv-05472-CRB   (TSH) |
| Plaintiff, | |
| v. | **DISCOVERY ORDER** |
| | Re: Dkt. No. 36 |
| TOMO MORTGAGE, LLC, | |
| Defendant. | |

The parties have filed a joint discovery letter brief in which Defendant and Counterclaimant Tomo Mortgage, LLC moves to compel against Plaintiff and Counterdefendant TomoCredit, Inc.  The Court rules as follows:

## A.   Allegedly Boilerplate Objections

Defendant contends that Plaintiff's "boilerplate objections are improper because they lack the requisite specificity."  However, as Plaintiff correctly points out, Defendant does not say which objections it thinks are the boilerplate ones.  The Court is not going to guess.  Accordingly, this portion of the motion to compel is **DENIED** because the Court does not know what Defendant is arguing.

## B.   RFPs 29-43

These sweeping RFPs ask about the other lawsuits Plaintiff has been involved in.  RFP 29 requests "All Documents and Communications Relating To any and all lawsuits filed against You by Silicon Valley Bank, including, but not limited to, all pleadings, discovery responses, and deposition transcripts."  RFPs 30-42 all take the form:  "All Documents and Communications Relating To the lawsuit filed against You by [Plaintiff] in [Court and case number], including, but not limited to, all pleadings, discovery responses, and deposition transcripts."  And then, in case

United States District Court
Northern District of California

Defendant missed something, RFP 43 asks for: "All Documents and Communications Relating To any other lawsuit not referenced in the preceding Requests that have been filed against You, from the period January 1, 2019 to the present, including, but not limited to, all pleadings, affidavits, declarations, discovery responses, and deposition transcripts."[1]

Defendant offers three theories of relevance. First, Plaintiff's claimed damages from Defendant's alleged use of the "Tomo" marks include harm to profitability, reputation and goodwill. Defendant contends that any harm Plaintiff has sustained is due to its poor business practices, which will be reflected in the lawsuits that have been filed against it. However, the Court finds that this theory of relevance is overbroad and not proportional to the needs of the case. A dispute about the harm a trademark plaintiff may have suffered – which is a common dispute in a trademark case – does not justify sweeping discovery into every single lawsuit filed against the company in recent years.

Second, Defendant says this discovery is relevant to Plaintiff's motivation for filing this case. But the Court does not see how materials from other lawsuits will show why Plaintiff filed this one, and Defendant does not explain. For example, how will reading deposition transcripts from other lawsuits show why this lawsuit was filed? For that matter, the Court does not see why Plaintiff's motivation for filing this lawsuit is relevant either.

Third, Defendant contends that the other lawsuits are relevant to its counterclaims to invalidate and cancel Plaintiff's "Tomo" registration because Plaintiff allegedly did not provide the goods and services it purported to offer at the time it filed its application and submitted false specimens of first use. Defendant contends that the Silicon Valley Bank litigation led to the shut down of Plaintiff's credit card services, and that several of the other lawsuits allege that customers were duped into buying goods and services Plaintiff did not provide. However, this theory of relevance suffers from two major problems. First, on its own terms it is overbroad and not

---

[1] On page 3 of the joint discovery letter brief, Defendant says that it is moving on RFPs 29-43 "as narrowed" by its argument in section I.C. The narrowing the Court sees in that section is that Defendant (1) is not moving to compel privileged documents in the other lawsuits, and (2) limits the RFPs to pleadings, affidavits, declarations, discovery responses, document productions, and deposition transcripts from the other lawsuits. Even with this narrowing, these RFPs remain very broad.

United States District Court
Northern District of California

proportional to the needs of the case because it is too indirect.  Defendant should be taking discovery into relevant subjects, not lawsuits about or that bear on relevant subjects.  What goods and services Plaintiff provided and when it provided them is a focused inquiry.  By contrast, discovery into lawsuits about the goods and services Plaintiff provided is a laborious, disproportional and indirect way of obtaining the same information.

The second problem is that Defendant's counterclaims are actually quite narrow.  Although there is a lot of lead up in the "factual background" section in the counterclaims, the counterclaims themselves allege false assertions only on July 14, 2023 and June 18, 2024 by Plaintiff concerning the goods and services it provided.  ECF No. 13 ¶¶ 44, 46, 47, 52, 56, 57.  Discovery into at least 14 other lawsuits is not a proportional way to learn if the statements made on those dates were true or false.

Accordingly, this portion of the motion to compel is **DENIED**.

**C.    RFPs 49-60**

These RFPs are largely unexplained.  RFPs 49-53 relate to credit card services and seek all licenses Plaintiff received to issue credit cards, all applications for those licenses, all rejections or denials of such applications, all payment card certifications it has received, all rejections or denials of payment card certifications, and all communications regarding the foregoing.  RFPs 54-60 relate to mortgage services.  They seek all mortgage loan originator licenses Plaintiff has received, all applications for such licenses Plaintiff submitted, all rejections or denials of such applications, all licenses Plaintiff received from the Nationwide Multistate Licensing System & Registry, all applications it submitted to the NMLS&R, all rejections or denials of such applications, all documents related to Plaintiff's efforts to obtain regulatory approval to provide mortgage and home financing goods and services, as well as all communications concerning the same.

These are very broadly written RFPs, and the Court does not seek the justification for this.  As for RFPs 49-53, as noted above, Defendant's counterclaims allege false assertions on July 14, 2023 and June 18, 2024 by Plaintiff concerning the use of the mark in connection with credit card services.  ECF No. 13 ¶¶ 44, 46, 47, 52, 56, 57.  As an initial matter, there is simply no explanation why the documents requested by RFPs 49-53 are needed to determine whether

United States District Court
Northern District of California

Plaintiff was using the mark in connection with credit card services on those dates.  Further, even if some documents about credit card licensing or certifications were needed, the relevant ones would be limited to the dates of the alleged misrepresentations, which these RFPs are not.

RFPs 54-60 are entirely mysterious, as Defendant does not contend Plaintiff is or was in the mortgage business.  A request for admission or an interrogatory should be able to answer that simple question.  For all of these RFPs, Defendant takes a very thin theory of relevance and then drafts RFPs as broadly as possible.  This discovery is not proportional to the needs of the case, and this portion of the motion to compel is **DENIED**.

**D.    RFPs 65 & 67-69**

RFP 65 seeks:  "All Documents and Communications Relating To complaints You have received from Your customers regarding Your goods, services, and customer service."  RFP 67 requests:  "All Documents and Communications Relating To complaints filed against You with the Better Business Bureau."  RFP 68 seeks:  "All Documents and Communications that have been filed against You with the Consumer Financial Protection Bureau."  RFP 69 asks for:  "All Documents and Communications that have been levied against You on Trustpilot."[2]

In the joint discovery letter brief, Defendant states that it narrows RFP 65 to seek documents and communications related to complaints Plaintiff has received regarding (1) Plaintiff's credit card and credit repair offerings, (2) false or misleading statements about goods and services Plaintiff offers, and (3) difficulties experienced by customers in their attempts to cancel subscriptions for Plaintiff's goods and services.  ECF No. 36, Exhibit 3.  Given the nature of the services Plaintiff offers, *see* ECF No. 1 ¶¶ 8, 11-14, the Court is skeptical that subpart (1) performs any meaningful narrowing of the RFP.  Defendant does not purport to limit RFPs 67, 68 and 69, which have no subject matter limitation.

The Court **DENIES** this portion of the motion to compel because this discovery is not proportional to the needs of the case.  As an abstract matter, Defendant is likely correct that some amount of discovery concerning the reputation of Plaintiff's brand is appropriate given that

---

[2] Defendant says that Trustpilot is a review platform.

United States District Court
Northern District of California

Plaintiff alleges that Defendant's alleged trademark infringement has damaged its goodwill and reputation. But customer complaints about everything (RFPs 67-69) or almost everything (narrowed RFP 65) are not proportional to the needs of the case. The Court does not agree that a trademark plaintiff's allegation of injury to its goodwill or reputation opens up this sweeping discovery.

**E.      Conclusion**

Defendant's motion to compel is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 8, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

5