CALLIE A. BJURSTROM (SBN 137816)
callie.bjurstrom@pillsburylaw.com
MICHELLE A. HERRERA (SBN 209842)
michelle.herrera@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
11682 El Camino Real, Suite 200
San Diego, CA 92130
Telephone:   858.509.4000
Facsimile:    619.819.4363

RANJINI ACHARYA (SBN 290877)
ranjini.acharya@pillsburylaw.com
ALEXANDRIA MARX (SBN 365496)
alexandria.marx@pillsburylaw.com
2400 Hanover Street
Palo Alto, CA 94304-1113
Telephone:   650.233.4500
Facsimile:    650.233.4545

Attorneys for Defendant and Counterclaimant
TOMO MORTGAGE, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMOCREDIT, INC., | Case No. 25-cv-05472-CRB |
| Plaintiff, | **STIPULATION & ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |
| vs. | |
| TOMO MORTGAGE, LLC, | |
| Defendant. | |
| TOMO MORTGAGE, LLC, | Hon. Charles R. Breyer |
| Counterclaimant, | |
| vs. | |
| TOMOCREDIT, INC., | |
| Counterdefendant. | |

1

Upon the stipulation of the parties, the court ORDERS as follows:

1.      This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1."

2.      The number of custodians shall be initially limited to one (1) individual per Party, and limited to email accounts owned or controlled by that individual that may contain electronically stored correspondence and information relevant to the issues in this case.

3.      The date range for the search and production of custodial emails shall be January 1, 2019 to present.

4.      The search and collection of emails from the identified custodian and agreed date range shall proceed as follows:

a.   Within five (5) days of the effective date of the filing of the stipulation, each Party shall identify the custodian and email accounts to be searched and propose five (5) search terms and a hit count for their identified custodian.

b.   Within three (3) days of receiving the custodian, email account(s), search terms and hit count information from the producing Party, the receiving Party shall propose an additional five (5) search terms in writing to the producing Party.

c.   Within three (3) days of receiving the additional search terms from the receiving Party, the producing Party shall provide hit counts for the additional search terms in writing to the receiving Party.

d.   The Parties shall then meet and confer within three (3) days to reach agreement on the search terms to be used for searching and collection of custodial emails.  Once the meet and confer process is completed, the Parties shall have ten (10) days to substantially complete their production of custodial ESI.

5.      If any of these dates falls on a federal or state holiday, or Saturday or Sunday, the Parties agree that it may be pushed to the next business day.

6.      Any email identified as a "hit" shall be presumptively responsive and produced, so

STIPULATION & ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION
Case No. 25-cv-05472-CRB

110432524

long as it is not privileged.

7.      Should a search produce an unreasonably large number of hits, the Parties shall meet and confer to discuss application of further search restrictions. The receiving Party shall not unreasonably oppose such further restrictions designed to filter immaterial search results. The Parties shall share the data analytics used to determine whether a search term produces an unreasonably large number of non-responsive or irrelevant results.

8.      The following data sources are presumed to be not reasonably accessible because of undue burden or cost, and the Parties agree that electronically stored information from these sources shall be preserved but not searched, reviewed, or produced, unless a Party can establish a compelling reason for production:

   a.      Carrier-based text messages (*e.g.*, SMS, MMS, etc. and formatted text messages.);

   b.      Mobile device application-based messaging systems (*e.g.*, iMessage, WhatsApp, etc. formatted text messages or chat transaction.);

   c.      Digitally stored Voicemail messages, unless currently maintained in email systems;

   d.      Ephemeral messaging (*e.g.*, Snapchat, Instagram, Slack, Teams messages, Jabber, etc.);

   e.      Automatically saved versions of documents.

9.      The parties have agreed upon a 'quick peek' process pursuant to Fed. R. Civ. P. 26(b)(5) and reserve rights to assert privilege as follows: parties will make the claim as provided in Fed R. Civ. P. 26(b)(5) as part of their objections to any discovery request within the time requested in the discovery request.

10.      The disclosure by any Party or non-Parties to the proceedings of any material which is privileged or otherwise protected shall be without prejudice to any later claim that such item is in fact privileged or protected and such Party shall not be held to have waived, in whole or in part, any rights, privileges, or protections by such disclosure whether inadvertent or otherwise.

   a.      If any privileged or protected information is produced, the Party that produced the material shall give written notice of such disclosure within thirty (30) days of

3

discovery of the disclosure (the "Clawback Notice"). Upon receipt of such Clawback Notice, the Party that received the disclosed material shall promptly destroy the disclosed material and all copies thereof, or, at the expense of the disclosing Party , return a copy of the Clawback Notice together with all copies of such materials to counsel for the disclosing Party . Should the receiving Party choose to destroy such material, the receiving Party shall notify the disclosing Party in writing of such destruction within ten (10) days of receipt of the Clawback Notice.

b.    In the event that counsel for a Party receiving materials identified as privileged or protected in a Clawback Notice objects to such designation with respect to any or all of such items, said counsel for the objecting Party shall advise counsel for the designating Party , in writing, of such objections, the specific materials to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Designation Objections that are shown to be clearly unjustified or made for an improper purpose expose the objecting Party to sanctions.

c.    Counsel for the designating Party shall have ten (10) days from receipt of the written Designation Objections to either: (a) agree in writing to re-designate the relevant Discovery Materials pursuant to any or all of the Designation Objections; and/or (b) file a motion with the Court (or discovery referee or its equivalent with authority, if any are in place) seeking to uphold any or all designations on the materials addressed by the Designation Objections (the "Designation Motion").

d.    Pending a resolution of the Designation Motion by the Court, all designations raised by the Clawback Notice as to materials at issue in such Designation Motion shall remain in place. The designating Party shall have the burden on any Designation Motion of establishing the applicability of its claimed designation, except in the instance that the materials at issue were designated pursuant to order of the Court, in which case, the burden is on the objecting Party to establish non-applicability of the designation raised by the Clawback Notice. If a Designation Objection is not

4

STIPULATION & ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION
Case No. 25-cv-05472-CRB

110432524

withdrawn and the designating Party does not file a Designation Motion within twenty (20) days from receipt of the written Designation Objections, the relevant materials shall be re-designated in accordance with the Designation Objection.

11.    Nothing herein shall affect applicable law regarding a producing Party's ability to shift costs of discovery in whole or in part to the requesting Party or otherwise affect any Party's right to petition the Court for an order apportioning some or all of the costs of discovery.

12.    Nothing herein addresses, limits, or determines the relevance, discoverability, or admission into evidence of any documents. Nor do the Parties waive any objections as to the production, discoverability, or confidentiality of documents produced as part of this protocol.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: July 10, 2026

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: */s/ Ranjini Acharya*
Ranjini Acharya
Callie A. Bjurstrom
Michelle A. Herrera
Attorneys for Defendant and Counterclaimant
TOMO MORTGAGE, LLC

Dated: July 10, 2026

FRIEDLAND CIANFRANI LLP

By: */s/ Nicole R. Townes*
Michael K. Friedland
Nicole R. Townes
Matt Pham
Attorneys for Plaintiff and Counterdefendant
TOMOCREDIT, INC.

STIPULATION & ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION
Case No. 25-cv-05472-CRB

110432524

**ATTORNEY ATTESTATION**

I am the ECF User whose ID and password are being used to file this **STIPULATION & ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION**. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that the concurrence in the filing of the document has been obtained from each of the other signatories.

Dated: July 10, 2026

PILLSBURY WINTHROP SHAW PITTMAN LLP


By:    */s/ Ranjini Acharya*
    Ranjini Acharya
    Callie A. Bjurstrom
    Michelle A. Herrera
    Attorneys for Defendant and Counterclaimant
    TOMO MORTGAGE, LLC


**IT IS SO ORDERED**.

Dated: July 10, 2026

_____
UNITED STATES MAGISTRATE JUDGE

STIPULATION & ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION
Case No. 25-cv-05472-CRB

110432524